## Case No. 2,355a.

### CAMPBELL v. CLARK.

[Hempst. 67.] [1]

Superior Court, D. Arkansas. Oct., 1828.

NOTE PAYABLE IN PROPERTY—DEMAND.

1. Where a note may be discharged in property at a certain time, no demand is necessary. It is only when property is payable on demand, or no time is fixed, that it becomes necessary to aver and prove a demand.

2. A note for the payment of money by a certain day, which may be discharged in property, is not a note for the payment of property, and the payee has no right to demand property, nor can the obligor discharge it in property after the day of payment has passed.

Appeal from Hempstead circuit court.

Before JOHNSON, ESKRIDGE, and BATES, Judges.

OPINION OF THE COURT. Clark brought an action on the case against John Camp-

[1] [Reported by Samuel H. Hempstead, Esq.]

bell, in the circuit court, and obtained a judgment, to reverse which, Campbell has appealed to this court.

The first question material to be decided relates to the continuance of the cause. At the September term the parties appeared, and, by consent, the defendant was allowed to plead on or before the first of December. On the 28th of November, the defendant filed his plea, and on the 27th of February the plaintiff filed a similiter, making up the issue. At the March term the cause was continued on the motion of the defendant; and at the July term the defendant moved for a continuance, on the ground that the plaintiff had not served him with a copy of his replication fifteen days before the term of the court, which motion was overruled. The defendant, in our judgment, was not entitled to a continuance. By referring to the Digest of Geyer (page 249), it will be seen that it is only where the plaintiff continues his cause at the first term without filing his replication, that he is bound to file it and serve the defendant or his attorney with a copy fifteen days before court. In this case the plaintiff filed his replication before the second term, and at that term the cause was continued. We do not think it was necessary, under these circumstances, to serve the defendant with a copy of the replication, if indeed a similiter may come under that denomination. It was on file in the court, and the defendant was bound to take notice of it. The motion for a continuance was, therefore, properly overruled.

The only question which relates to the merits is, whether it was necessary to aver and prove a demand. The action was brought upon a note in the following words: "On or before the first of June, 1827, I promise to pay Benjamin Clark, or order, $200, which may be discharged in cotton at the market price in the fall of 1826." It has been heretofore decided by this court, that in cases where the time is fixed for the payment of property, by the contract between the parties, no demand is necessary to entitle the plaintiff to maintain his action. This doctrine is clearly settled by the adjudication of the court of appeals of Kentucky, and we see no reason to depart from our former opinion, sustained as it is by authority so respectable. McKee v. Beall, 3 Litt. (Ky.) 191. It is only in cases where property is payable on demand, or where no time is fixed for its payment, that a demand must be averred and proved. But the note in question is not a note for the payment of property. It is a note for the payment of money at a certain day, with a provision that it may be discharged in property before the day on which the money became due. It is an election given to the obligor to pay it in property by a specified time, but he is not bound to pay it in property, and if he fails to avail himself of that stipulation, he is bound to pay the money according to the

terms of the contract. In such a case no demand need be averred or proved; the plaintiff has no right to make the demand. It rests with the defendant whether he will avail himself of the stipulation in his favor, giving him the privilege of paying the debt in property. It is equally well settled, that the defendant's place of residence is the place for the payment of onerous property, unless a different place is specified in the contract.

We are therefore of opinion, that the court below did not err in refusing to instruct the jury, that a demand was necessary to entitle the plaintiff to maintain his action. With regard to the value of the cotton, we are also of opinion that it was wholly unnecessary to prove it. The note was given for two hundred dollars, which might be paid in cotton at the market price. Upon a failure to discharge the note by delivering, or tendering the cotton, the amount to be paid by the defendant was ascertained and fixed in the note itself, and the value of cotton could not increase or diminish it. Judgment affirmed.